# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,       )
                                 )
                 **Plaintiff**      )
                                 )
         **v.**                 )      **Criminal Action**
                                 )      **No. 23-mj-02009-01-DPR**
TIMOTHY ZEGAR,             )
                                 )
               **Defendant.**     )

## O R D E R

After the United States orally moved for pretrial detention, a hearing was held in this matter pursuant to § 3142(f), Title 18, United States Code. The defendant was present personally and with his counsel Steven Berry, Assistant Federal Public Defender. The United States was represented by Jim Kelleher, Assistant United States Attorney.

A complaint and supporting affidavit have been filed in this case. The affidavit supports a finding of probable cause to believe that the offense charged was committed by this defendant. Based on the evidence presented at the hearing, there are no conditions the Court can impose that would reasonably assure the defendant's appearance at all scheduled hearings and the safety of other persons or the community.

The factors to be considered by the Court are enumerated in Title 18, United States Code, Section 3142(g). The evidence at the detention hearing established that the weight of the evidence against the defendant is overwhelming.

1

Regarding the potential for failure to appear, the Court notes the offense charged and, defendant's substance history. The Court also notes defendant's criminal history which includes, but is not limited to, the following: criminal activity while under supervision; history of failure to appear; prior felony and misdemeanor arrests and convictions; prior convictions for resisting arrest and fleeing; multi-state offender status; and non-compliance on probation.

Regarding the potential danger to the community, the Court notes the nature of the instant offense and defendant's criminal history which includes, but is not limited to, the following: prior felony and misdemeanor arrests and convictions; criminal activity while under supervision; probation non-compliance; and history of weapons use. In addition, the Court notes defendant's substance abuse history and alleged anti-government extremist association.

Based on all the foregoing, the Courts finds by a preponderance of the evidence that the defendant is a risk of flight and finds by clear and convincing evidence that the defendant is a danger to the community.

**IT IS THEREFORE ORDERED** that the defendant be and is hereby detained without bail.

**IT IS FURTHER ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the

defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDRED.**

**DATED:   February 16, 2023**

*/s/ David P. Rush*
DAVID P. RUSH
United States Magistrate Judge
